**CLOSED CIVIL CASE**

CASE NO. 04-22407-CIV-SEITZ/MCALILEY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO. 04-22407-CIV-SEITZ/MCALILEY

GHASSAN ELKHATIB,

    Petitioner,

v.

JACK BULTER, Director of the Miami Bureau
of Citizenship and Immigration Services,
et. al.,

    Respondents.

_____/



FILED by ____ D.C.

JUN - 6 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## <u>ORDER GRANTING PETITION FOR WRIT OF MANDAMUS</u>

THIS MATTER is before the court on Petitioner's Petition for Writ of Mandamus [DE 1].

Petitioner seeks an order from the Court requiring the Nebraska Service Center, United States

Citizenship and Immigration Services ("USCIS") to adjudicate his Application for Adjustment in Status

("Application"). Respondents contend that the Petition for Writ of Mandamus should be denied because

USCIS does not have a clear, ministerial, non-discretionary duty to adjudicate Petitioner's Application

within a four year period. Upon review of the petition, the response, and the reply thereto, as well as the

relevant portions of the record, the Court grants Petitioner's Petition for Writ of Mandamus.

## I.    Background

Petitioner is a native and citizen of Jordan. Compl. ¶ 12. In September 1990, Petitioner first

entered the United States to attend Michigan State University. *Id.* ¶ 13. After graduating from Michigan

State University in 1997, Petitioner obtained an H-1B professional visa and obtained employment with

Motorola Inc. *Id.* ¶ 14. Petitioner's visa expired on October 1, 2001, but was subsequently renewed by

Motorola Inc. for an additional three year period. *Id.* On June 28, 2001, Petitioner filed his Application

with USCIS. *Id.* ¶ 16. From the record in the case, it appears that Petitioner has provided USCIS with

all of the information necessary to complete the processing of his Application.[1]

## III.    Analysis

"[M]andamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969).[2]  Mandamus relief is warranted if a petitioner demonstrates (1) a clear right to the relief sought; (2) the respondents have a clear, non-discretionary duty to act; and (3) no other remedy is available. *Nyaga v. Ashcroft*, 323 F.3d 906, 911 (11th Cir. 2003) (citing *Heckler v. Ringer*, 466 U.S. 602, 617 (1984)).  Here, Respondents do not dispute that Petitioner has demonstrated a clear right to the relief sought and that no other remedy is available.  The Court therefore turns to the second prong of the analysis to determine whether Respondents have a mandatory duty to act or whether the inaction is committed to the discretion of the agency.

Although the Court has not found, and the parties did not cite, any Eleventh Circuit case law specifically addressing the issue raised in this case, other district courts have concluded that a petitioner has a clear right to have his or her application for lawful permanent residence status adjudicated within a reasonable period of time. *See Yu v. Brown*, 36 F. Supp. 2d 922, 925 (D.N.M. 1999); *Agbemaple v. INS*, No. 97 C 8547, 1998 WL 292441 (N.D. Ill. May 18, 1998).  For instance, in *Yu*, where petitioner sought a writ of mandamus to force INS to act on her application for lawful permanent residence two and one

---

[1] In order to adjudicate Petitioner's Application, the FBI conducts various background checks, including a fingerprint check. *See* Respondents' Resp. The fingerprint check must be less than fifteen months old at the time any application or petition is adjudicated. *Id.*, Ex. A. ¶ 10. Although Petitioner's fingerprint checks were expired at the time of his Petition, it appears that he was scheduled to have them re-taken on February 3, 2005, at the Miami-Biscayne Application Support Center. *Id.*

[2] The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

half years after she applied, the court concluded that Yu's petition properly stated a claim for mandamus. *Id.* at 925-933. In so holding, the court noted that administrative agencies do not possess discretion to avoid discharging the duties that Congress intended them to perform. *Id.* at 931.

The Court agrees with the reasoning in *Yu* and *Agbemaple* and finds that Respondents have a non-discretionary duty to process Petitioner's Application within a reasonable period of time. Moreover, four years is an unreasonable length of time for Petitioner's Application to remain pending. Accordingly, Petitioner is entitled to mandamus relief.

## IV.    Conclusion

For the reasons stated above, it is hereby

ORDERED that

1. Petitioner's Petition for Writ of Mandamus **[DE 1]** is GRANTED.

2. Respondents shall complete adjudication of Petitioner's Application according to the following schedule:

a. Respondents shall request from Petitioner any additional information which it needs to process Petitioner's Application on or before **June 20, 2005**.

b. If Respondents request additional information from Petitioner, Petitioner shall provide the additional information to Respondents within thirty (30) days of Respondent's request.

c. Respondents shall make a decision on Petitioner's Application within sixty (60) days from the date which Respondents receive any additional information from Petitioner.

d. If Respondents do not request additional information from Respondent by June 20, 2005, Respondents shall make a decision on Petitioner's Application **on or before August 20, 2005.**

3. The Court reserves jurisdiction for a three month period to enter any order necessary *for the*

CASE NO. 04-22407-CIV-SEITZ/MCALILEY

enforcement of this order.

    4.  All pending motions not otherwise ruled upon are DENIED AS MOOT.

    5.  This case is CLOSED.

ORDERED in Miami, Florida, this 6ᵗʰ day of June, 2005.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record